## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOEL PLAZA, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-cv-4587** |
| | : | |
| **TANASIYA PRESBURY,** *et al*. | : | |
| **Defendants.** | : | |

### MEMORANDUM

**Joseph F. Leeson, Jr.**                                          **January 17, 2023**
**United States District Judge**

  *Pro se* Plaintiff Joel Plaza, Jr. is a pretrial detainee at the Lancaster County Prison.  He

filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he was denied adequate

medical care by two prison officials and two PrimeCare nurses who work at the prison.  Plaza

seeks to proceed *in forma pauperis*.  For the following reasons, the Court will grant Plaza leave

to proceed *in forma pauperis* and dismiss his Complaint in part pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).  Plaza will be permitted to proceed only on the claim that passes statutory

screening or file an amended complaint.

## I.  FACTUAL ALLEGATIONS

  Plaza names the following Defendants:  (1) Tanasiya Presbury, LPN; (2) Bryan, RN;

(3) Mr. Sorentino, Sgt.; and (4) Mr. Tenuto, Sgt.  (Compl. at 2-3.)[1]  He asserts claims against all

Defendants in their official and individual capacities.  (*Id*.)  Plaza alleges that at approximately

2:50 p.m. on August 19, 2022, he complained to Correctional Officer Laver that he was not

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

feeling well.  (*Id.* at 5)  Plaza states that he was pale and throwing up.  (*Id.*)  Officer Laver allegedly told Plaza to sit in front of the fan under video surveillance until a nurse could check on him.  (*Id.*)  While waiting, Plaza passed out from vomiting, had a seizure, hit his head on the floor and believes he suffered a concussion because "he had a hard time remember[ing] certain questions [he] was being asked at the time."  (*Id.* at 5, 6.)  After Plaza waited for one hour, two nurses arrived – Defendant Tanasiya Presbury and Nurse Robin, both from PrimeCare.[2]  (*Id.* at 5.)  Presbury and Robin took pictures of Plaza's head and documented his injuries.  (*Id.*)  Plaza states that he was not taken to the hospital but was instead placed back in his cell despite still vomiting fluids and food.  (*Id.*)  Plaza alleges that "per [Defendants] Sgt. Tenuto and Sgt. Sorentino [he] was placed in MHU housing." (*Id.*)  While in MHU housing, Plaza was seen by the "head nurse" Laura, who allegedly told him that he did not have a seizure or a concussion. (*Id.*)  Based on these allegations, Plaza asserts claims for the denial of medical care under § 1983 and seeks money damages.  (*Id.* at 4,6.)

## II.    STANDARD OF REVIEW

The Court will grant Plaza leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

---

[2] PrimeCare appears to be the private company under contract to provide medical services to inmates at Lancaster County Prison.

[3] Because Plaza is a prisoner, he must still pay the $350 filing fee in installments as mandated by the Prison Litigation Reform Act.

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Plaza is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.    DISCUSSION

Plaza asserts deliberate indifference claims against Defendants pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a §1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A.    Official Capacity Claims

Plaza has named all Defendants in their official as well as individual capacities. (*See* Compl. at 2-3 (checking box for official capacity and individual capacity claims).) Claims

against Lancaster County Prison officials – Sorentino and Tenuto – are indistinguishable from claims against the municipality that employs them, Lancaster County.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n.55 (1978)).  Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  *Id*.

To plead a § 1983 claim against a municipal entity, a plaintiff must allege that the municipal entity's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was."  *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009).  "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'"  *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'"  *Id*. (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)).   To the extent that Plaza seeks damages against Sorentino and Tenuto in their official capacities, he has failed to state a plausible *Monell*/official capacity claim.  Nowhere in the Complaint does Plaza allege a municipal policy or custom, or that such a policy or custom caused his constitutional harm.  Accordingly, all official capacity claims against Sorentino and Tenuto will be dismissed without prejudice.

Plaza also names Presbury and Bryan in their official capacities.  To the extent that Plaza asserts claims against these PrimeCare employees in their "official capacities," such claims are

not cognizable because PrimeCare is a private entity.  *See Owens v. Connections Cmty. Support Programs, Inc*., 840 F. Supp. 2d 791, 796 (D. Del. 2012) ("Generally, a suit against a [ ] public officer in his or her official capacity is used to compel that officer to take some official action [and that] concept . . . is inapplicable to suits against private parties where the entity is also susceptible to suit."); *see also Kreis v. Northampton Cty. Prison*, No. 21-2360, 2022 WL 4236692, at *8 (E.D. Pa. Sept. 14, 2022) (stating that official capacity claims are "inapplicable to suits against private parties where the entity is also susceptible to suit").  Even if official capacity suits against individuals who work for private companies are cognizable, the suit would, in effect, be one against the company for whom that individual works.  *See Graham*, 473 U.S. at 105.  Since Plaza has not attempted to name that entity, the official capacity claims against PrimeCare employees are dismissed with prejudice.  *Accord Burk v. West*, No. 21-4968, 2021 WL 5758945, at *2 (E.D. Pa. Nov. 24, 2021).

**B.      Claims for the Denial and Delay of Medical Care**

Plaza alleges that he was denied and delayed proper medical treatment by prison officials and medical personnel at Lancaster County Prion.  To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[4]  *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994).  A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of

---

[4] Plaza states that he is a pretrial detainee.  Thus, the Fourteenth Amendment governs his claims.  *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005).  However, the standards under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs are essentially the same for purposes of the analysis.  *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (*per curiam*); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019).

facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Pearson v. Prison Health Serv*., 850 F.3d 526, 534 (3d Cir. 2017) (deliberate indifference can be shown by a prison official "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.") (internal citations and quotations omitted).

Furthermore, "[a] medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). "[W]here denial or delay causes an inmate to suffer a life-long handicap or permanent loss, the medical need is considered serious." *Id*. Allegations of medical malpractice and mere disagreement regarding proper medical treatment, however, are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004).

Plaza alleges that he was vomiting and pale and advised to sit under a fan within sight of the surveillance camera while awaiting medical assistance. He further alleges that it took Presbury an hour to arrive to check on him and that during that wait he had a seizure, passed out and hit his head. Despite persistent vomiting, Presbury placed Plaza back in a prison cell. Plaza pleads a plausible deliberate indifference claim and the Court will direct service against Presbury.

Aside from listing RN Bryan as Defendant on the Court's standard form complaint, Plaza alleges no facts about Bryan's involvement in the alleged denial or delay of his medical care. Accordingly, the claim against Bryan is not plausible. *See Rode*, 845 F.2d at 1207 ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."); *see also Iqbal*, 556 U.S. at 676 (explaining that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). The claim against Bryan will be dismissed without prejudice and Plaza will be afforded an opportunity to file an amended complaint if he chooses to do so, to explain how Bryan was deliberately indifferent to his serious medical needs.

Plaza also fails to state plausible deliberate indifference claims against Sorentino and Tenuto. Although not entirely clear, it appears that Sorentino and Tenuto ordered Plaza to be placed in MHU housing after being evaluated by the nurses. The Complaint contains no other allegations about Sorentino and Tenuto. The scant allegations against these Defendants do not raise a plausible inference that they were deliberately indifferent to Plaza's medical needs. Additionally, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference." *Spruill*, 372 F.3d at 236; *see also Carter v. Smith*, 483 F. App'x 705, 708 (3d Cir. 2012) (*per curiam*) ("Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff."). Plaza was already under the care of medical professionals when he was allegedly ordered to the MHU. Plaza has not alleged any facts showing that Sorentino and Tenuto had any reason to believe that Plaza was

being mistreated by the medication professionals.  Accordingly, the deliberate indifference claims against Sorentino and Tenuto will be dismissed without prejudice.

## IV.      CONCLUSION

For the foregoing reasons, the Court will grant Plaza leave to proceed *in forma pauperis* and dismiss his Complaint in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaza's official capacity claims against Presbury and Bryan will be dismissed with prejudice.  Plaza's official and individual claims against Sergeant Sorentino and Sergeant Tenuto and his individual capacity claim against Bryan will be dismissed without prejudice.  Plaza's individual capacity claim against Presbury passes statutory screening and will be served for a responsive pleading.  Because the Court cannot say at this time that Plaza could not cure the defects in the claims that have been dismissed without prejudice, and considering Plaza's *pro se* status, he will be provided the option of filing an amended complaint to attempt to cure the defects in those claims or advise the Court that he seeks to proceed only on the claim that passes statutory screening.

An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*

**JOSEPH F. LEESON, JR.**
**United States District Judge**