UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| JOEL PLAZA, JR., | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No.   5:22-cv-4587 |
| | : | |
| TANASIYA PRESBURY, *LPN*, SHAYNE | : | |
| GOODMAN, *RN*, MR. SORENTINO, *SGT*., | : | |
| MR. TENUTO, *SGT*., and BRYAN, *RN*, | : | |
| Defendants. | : | |

_____

**O P I N I O N**
**Defendants' Motion to Dismiss, ECF No. 25 - Denied**
**Defendants' Motion to Dismiss, ECF No. 27 - Granted**

**Joseph F. Leeson, Jr.**                                                       **July 17, 2023**
**United States District Judge**

**I.        INTRODUCTION**

This case involves a prisoner falling and hitting his head in Lancaster County Prison.

Plaintiff Joel Plaza, Jr. ("Plaza") is a pretrial detainee.  He filed this *pro se* civil rights action

pursuant to 42 U.S.C. § 1983 alleging that he was denied adequate medical care by two prison

officials and three PrimeCare medical personnel who work at the prison.  Plaza named the

following defendants:[1] Tanaysia Presbery, LPN ("Presbery") (incorrectly identified as Tanasiya

Presbury), Shayne Goodman, RN ("Goodman") (incorrectly identified as Shane Goodman), Mr.

Sorrentino, Sgt. ("Sorrentino") (incorrectly identified as Mr. Sorentino) and Mr. Tenuto, Sgt.

("Tenuto").  Defendants brought two motions to dismiss on the grounds that Plaza failed to plead

sufficient facts to state a claim for deliberate indifference.  PrimeCare medical personnel

_____
[1]        Plaza also named Defendant Bryan, RN, who has apparently not yet been served, and was
not a party to either motion to dismiss.

Presbery and Goodman's motion to dismiss is denied, and prison officials Sorrentino and

Tenuto's motion is granted without prejudice.

## II.     BACKGROUND

The following facts are alleged in Plaza's *pro se* complaint.  Leading up to August 19,

2022, Plaza complained to "Sick Call Forms" multiple times about stomach pain and clogged

bowels which he believed resulted from "inadequate" medications given to him by Presbery.

Amend. Compl., ECF No. 11, at 5.[2]  These medications included prescriptions treating anxiety

and post-traumatic stress disorder, anti-depressants, stool fiber pills, laxatives, ibuprofen, and

Motrin.  *Id.*  Plaza asserts these medications should not have been mixed.  *Id.*

At approximately 2:50 p.m. on August 19, 2022, Plaza complained to Correctional

Officer Laver that he was experiencing paleness and vomiting.  *Id.* at 7.  Officer Laver told Plaza

to sit in front of a fan until a nurse could check on him.  *Id.* at 5.  While waiting for Presbery,

Sorrentino, and Tenuto, Plaza passed out from vomiting, seized, hit his head on the floor, and

suffered a possible concussion.  *Id.* at 7.  The correctional officer called a "Code Blue," alerting

staff of a medical emergency.[3]  *Id.*

Following this incident, Plaza was given Gatorade and placed in an unsanitary "suicide"

cell in the Medical Housing Unit ("MHU") by Sorrentino, Tenuto, Presbery, and Bryan.  *Id.* at 4.

Medical staff did not conduct any x-rays, examine Plaza's hip, head, or back, refer Plaza to

outside medical professionals, alter his prescriptions, or provide any treatment other than

---

[2]      This Court has adopted the pagination assigned by the Electronic Filing System.

[3]      *See generally Wood v. City of Lancaster*, No. 06-3033, 2009 U.S. Dist. LEXIS 2123, at
*60-61 (E.D. Pa. Jan. 13, 2009) (noting a "Code Blue" in Lancaster County Prison indicates a
medical emergency, stating "it was obvious" that a prison official "called a 'Code Blue' because
medical personnel entered the cell less than three minutes later").

Gatorade.  *Id.* at 5.  Plaza was prescribed the "[s]ame medications" as before, which he had not taken at the time of filing his amended complaint.  *Id.* at 9.  Since then, Plaza has suffered from continuing head and hip pain.  *Id.* at 5.  After the incident, Plaza filed a now-exhausted administrative grievance against Defendants "through" Goodman.[4]  *Id.* at 6, 8.

On January 1, 2023, Plaza filed an Amended Complaint in this Court alleging violations of his Eighth Amendment rights through Defendants' deliberate indifference to his serious medical needs, and violations of his Fourteenth Amendment rights through Defendants' cruel and unusual punishment.  Specifically, Plaza sued Goodman for violating his Eighth Amendment rights in Goodman's role as head of medical nurses at the prison and alleged that by denying him medical care after his fall, Goodman was deliberately indifferent to Plaza's serious medical needs.  *Id.* at 4-5.  Plaza also sued Presbery for deliberate indifference, alleging Presbery (1) ignored his complaints about inadequate medication leading up to the fall, which he argues caused stomach pain, headaches, vomiting, and anxiety which collectively contributed to his fall; and (2) placed him back in his cell and denied medical treatment generally after his fall.  *Id.* Plaza sued Bryan for being deliberately indifferent to Plaza's medical needs because after Plaza's fall, Bryan placed Plaza back in a cell and did not take Plaza to the hospital.[5]  *Id.* Additionally, Plaza sued two non-medical Lancaster County Prison officials: Sorrentino and Tenuto.  *Id.* at 3.  Plaza alleged by placing him in an unsanitary MHU suicide cell, and failing to respond reasonably after his fall, they were deliberately indifferent.  *Id.*  at 4-5.  He also alleged

---

[4]     Plaza has allegedly exhausted his administrative appeals against all identified Defendants, which Defendants do not contest in their motions to dismiss.

[5]     Because Defendant Bryan has apparently not been served and is not a party to either of the pending motions to dismiss, the claims against Bryan are not discussed in this Opinion.

that by placing him in an unsanitary cell, they violated his constitutional rights by subjecting him to cruel and unusual punishment.  *Id.*

On April 10, 2023, Sorrentino and Tenuto filed a Motion to dismiss, arguing that Plaza did not state a claim for either cruel and unusual punishment or deliberate indifference.  Prison Defs.' Mot. to Dismiss, ECF No. 25, at 2.  They argue the cruel and unusual punishment claim must fail because Plaza did not allege any facts indicating the condition of the suicide cell was so poor as to punish Plaza for crimes he had not been convicted of.  *Id.* at 7.  They also argue that the deliberate indifference claims must fail (1) because Plaza did not allege facts showing why he should have been placed into a non-suicide cell, (2) because Plaza was under the care of medical officials when he was placed in the cell, and (3) because the Amended Complaint indicated Plaza received medical care.  *Id.* at 7-9.  Plaza did not file a response to the Motion.

On April 28, 2023, Presbery and Goodman also filed a Motion to dismiss.  Med. Defs.' Mot. to Dismiss, ECF No. 27, at 3.  They argue Plaza failed to state a claim for deliberate indifference because the Amended Complaint (1) does not contain facts suggesting Defendants acted deliberately, (2) does not name the additional treatment Plaza should have received, (3) does not allege facts showing Defendants were in charge of his medications, and (4) contains nothing more than a difference in opinion towards the medical care provided.  *Id.* at 2-7.  Plaza did not file a response to the Motion.

## III.   LEGAL STANDARDS

### A.  Motion to Dismiss – Standard of Review – Review of Applicable Law

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche*

*Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).  Moreover, "however inartfully pleaded," complaints by *pro se* prisoners "must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal marks and citation omitted).

### B.  42 U.S.C. § 1983 and Deliberate Indifference under the Eighth Amendment – Review of Applicable Law

To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  The Eighth Amendment to the United States Constitution prohibits "deliberate indifference to serious medical needs of prisoners" because such treatment, or lack thereof, "constitutes . . . unnecessary and wanton infliction of pain[.]"  *Estelle*, 429 U.S. at 104 (internal marks and citation omitted).  However, mere negligence in diagnosing or treating a medical

condition does not state a claim under the Eighth Amendment. *Id.* at 105-06.   Rather, to state a deliberate indifference claim under the Eighth Amendment, "a prisoner must make (1) an 'objective' showing that the prisoner's medical needs were sufficiently serious and (2) a 'subjective' showing that the prison official acted with a sufficiently culpable state of mind." *Mitchell v. Gershen*, 466 F. App'x 84, 86 (3d Cir. 2011) (citation omitted).

The concept of a serious medical need has two components: (1) the prisoner's "condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death," and (2) "the condition must be 'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991) (quoting *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).   Examples of deliberate indifference include "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citation omitted).   However,

> short delays in treatment unaccompanied by arbitrary or unduly burdensome bureaucratic procedures, and the refusal to summon the medical specialist of the inmate's choice, perform tests or procedures that the inmate desires, or to explain to the inmate the reason for medical action or inaction does not amount to cruel and unusual punishment.

*Roman v. Little*, No. 19-cv-5204, 2020 U.S. Dist. LEXIS 76638, at *9 (E.D. Pa. April 30, 2020) (internal quotation and citation omitted).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients, *Young v. Kazmerski*, 266 Fed. Appx. 191, 194 (3d Cir. 2008), and mere

disagreement as to proper care does not support a finding of deliberate indifference. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). *See also Basemore v. Vihlidal*, No. 13-669, 2014 U.S. Dist. LEXIS 20603, at *37-38 (W.D. Pa. Jan. 30, 2014) ("[D]isagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation because the 'right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice.'") (quoting *Layne v. Vinzant*, 657 F.2d 468, 473 (1st Cir. 1981)). However, a complete failure to treat an inmate patient may support a finding of deliberate indifference. *See Miller v. Beard*, 699 F. Supp. 2d 697, 707 (E.D. Pa. 2010) ("Although an isolated failure to treat, without more, is ordinarily not actionable, it may in fact rise to the level of a constitutional violation if the surrounding circumstances suggest a degree of deliberateness, rather than inadvertence, in the failure to render meaningful treatment.") (internal quotation and citation omitted). Additionally, a deliberate failure to provide prescribed medical care, or a "prison doctor's choice of an ineffective course of treatment in contravention of another physician's explicit orders or the choice of an 'easier and less efficacious treatment' may establish deliberate indifference." *Rodriguez v. Smith*, No. 03-3675, 2006 U.S. Dist. LEXIS 10726, at *45 (E.D. Pa. March 16, 2006) (citation omitted).

Additionally, "absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with . . . deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d. Cir. 2004); *see also Carter v. Smith*, 483 F. App'x 705, 708 (3d Cir. 2012) (*per curiam*) ("Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff.").

## IV.    ANALYSIS

### A. Plaza's Claims Against PrimeCare Medical Personnel

The Court finds that Plaza has stated a deliberate indifference claim under the Eighth Amendment against Presbery and Goodman.  Plaza's deliberate indifference claims against these defendants is essentially two-fold.  First, Plaza alleges that Presbery improperly prescribed Plaza a mixture of medications which caused severe side effects.  Second, Plaza alleges that after his accidental injury, which was caused by the medications, medical personnel failed to administer any treatment.

As an initial matter, the Court presumes at this stage that Plaza's combined seizure and concussion constitute a "serious medical need" under the Eighth Amendment.  Defendants do not argue otherwise in either of the motions to dismiss.

Further, accepting the allegations in the Amended Complaint as true, as the Court must, Presbery negligently administering Plaza's medications would not, on its own, be deliberate indifference, as the law gives prison medical personnel significant discretion in their informed treatment decisions.  *See Young*, 266 Fed. Appx. at 194; *see also Lockwood v. Primecare Med., Inc.*, No. 3:13-cv-51, 2016 U.S. Dist. LEXIS 28186, at *3-6 (W.D. Pa. Mar. 1, 2016) (granting summary judgment against plaintiff alleging defendant's negligent medication treatments were deliberately indifferent, noting "[n]egligence . . . does not equal deliberate indifference").  However, Presbery also ignored Plaza's complaints that the combination of medications caused serious side effects, which could rise to the level of deliberate indifference.  *See Marsh v. Campos*, No. 21-17298, 2022 U.S. Dist. LEXIS 94665, at *14-15 (D.N.J. May 26, 2022) (dismissing deliberate indifference claim against defendant who failed to discontinue harmful medications because plaintiff did not allege (1) he was not treated for side effects, or (2)

defendant actually knew medication presented substantial risk of harm). Here, Plaza alleges he was not treated for the medications' side effects, and he complained to Presbery putting her on notice that the combination of medication was seriously harmful. Therefore, accepting as true that (1) Plaza's medications were negligently administered and caused severe side effects, (2) he complained to Presbery, giving her actual knowledge that the medication was harmful, and (3) Presbery deliberately ignored those complaints, then Plaza has stated a claim for deliberate indifference against Presbery.

After his accidental fall and resulting injury, Plaza was relocated to the MHU by medical personnel, specifically Presbery and Bryan, and given Gatorade. However, Plaza repeatedly broadly asserts he "never got checked" for any of his injuries, was not given medication, and was not treated in any way by any individual. Amend. Compl. at 9. Further, Plaza specifically alleges that Goodman "[was] involved" in his post-accident treatment and "respond[ed] to [Plaza's] medical need [by] denying proper medical care." *Id.* at 5, 7. The Court reasonably infers from Goodman's involvement in Plaza's post-injury medical care and Plaza's complete lack of treatment that Goodman, for non-medical reasons, failed to examine or treat Plaza's serious medical need. Therefore, Plaza has asserted a claim of action against Goodman for deliberate indifference. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 540-41 (3d Cir. 2017) (denying defendant's motion for summary judgment on plaintiff's deliberate indifference claim where plaintiff alleged defendant refused to treat plaintiff's emergency condition and ordered plaintiff into a wheelchair without medical examination).

By alleging PrimeCare medical personnel (1) did not address his complaints of serious side-effects caused by medications, and (2) placed him in a cell without treatment or care

following his injury, Plaza has sufficiently stated a claim of relief against them. Accordingly, Presbery and Goodman's motion to dismiss is denied.

### B. Plaza's Claims Against Lancaster County Prison Officials

The Court finds that Plaza has not stated a deliberate indifference claim against non-medical prison officials Sorrentino and Goodman, whose involvement in the underlying events was limited to placing Plaza in a MHU cell. The only fact suggesting that these defendants had any knowledge about Plaza's treatment, or lack thereof, by medical personnel is Plaza's allegation that Sorrentino and Tenuto "knew his need was not to be placed in a suicide cell." Amend. Compl. at 5. However, the complaint does not state what led Plaza to believe this, nor does the complaint contain any facts suggesting that Sorrentino and Tenuto had a reason to believe, or actual knowledge, that prison medical personnel were mistreating or failing to treat Plaza's injuries. Accordingly, the deliberate indifference claims against Sorrentino and Tenuto are dismissed without prejudice.

Plaza also complains he was subjected to cruel and unusual punishment through the cell's "unsanitary" condition. Although Plaza does not specify constitutional authority to support this complaint, the Court liberally construes this as an alleged Eighth and Fourteenth Amendment violation considering Plaza's *pro se* status. For a detention condition to violate the Fourteenth Amendment, it must amount to a punishment of the detainee. *Hubbard v. Taylor*, 538 F.3d 229, 231 (3d Cir. 2008) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). A prison condition is likely not a punishment if it serves and is rationally related to a legitimate purpose. *Union Cnty. Jail Inmates v. Di Buono*, 713 F.2d 984, 992 (3d Cir. 1983) (citing *Bell*, 441 U.S. at 542). Prison officials may also violate detainees' Eighth Amendment rights by deliberately subjecting detainees to conditions which seriously deprive them of basic human necessities. *Renchenski v.*

*Williams,* 622 F.3d 315, 338 (3d Cir. 2010).  Courts generally defer to prison officials'
determinations on conditions.  *Bell*, 441 U.S. at 540 n.23 (quoting *Pell v. Procunier*, 417 U.S.
817, 827 (1974).  Even conditions described by a court as "deplorable" do not *per se* violate an
inmate's Eighth or Fourteenth Amendment rights.  *Mohorcic v. Hogue*, No. 11-575, 2013 U.S.
Dist. LEXIS 165282, at *11-12 (W.D. Pa. Nov. 21, 2013) (holding detainees' Fourteenth
Amendment rights were not violated where detainees were urinated on and slept on mattresses
on the floor for months); *see also Johnson v. Harron*, No. 07-0023, 2008 U.S. Dist. LEXIS
92650, at *24 n.9 (D.N.J. Nov. 13, 2008) (holding detainees' Eighth Amendment rights were not
violated where detainees were splashed with urine, although acknowledging different facts
involving urine could create a "colorable" Eighth Amendment claim).  Here, Plaza has not stated
an Eighth or Fourteenth Amendment violation by describing the cell he was placed in as merely
"unsanitary," because Plaza has not alleged that the unsanitary condition of the cell was an
intentional punishment by Defendants Sorrentino and Tenuto or that the cell's condition deprived
him of basic human necessities.  Accordingly, the Court grants Sorrentino and Tenuto's motion
to dismiss and dismisses Plaza's claims against these defendants without prejudice.

### C. Amendment of the Complaint

This Court is concerned that further amendment of the complaint will be futile.
Nevertheless, in an abundance of caution given Plaza's *pro se* status and because the claims
against Defendants Sorrentino and Tenuto are being dismissed without prejudice, this Court
affords Plaza one more opportunity to amend his complaint.  *See Grayson v. Mayview State
Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002) (holding that in the absence of undue delay, bad faith,
dilatory motive, unfair prejudice, or futility of amendment, a court should grant a plaintiff leave
to amend a deficient complaint after a defendant moves to dismiss it).

Plaza is advised that any "amended complaint must be complete in all respects." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). It must be a new pleading which stands by itself without reference to the original complaint. *Id.* The amended complaint "may not contain conclusory allegations. Rather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." *Id.* (citing *Rizzo v. Goode*, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." *Id.* (citing Fed. R. Civ. P. 8(e)(1)).

Plaza is not required to file an amended complaint. If he does not file an amended complaint within the time allotted by the accompanying order, his case will proceed on his claims against the medical personnel defendants. But, if Plaza wishes to renew any of the claims dismissed by this Opinion, he must file an amended complaint that includes all claims, not merely the ones that have been dismissed.

## V.    CONCLUSION

Plaza has pled sufficient facts showing deliberate indifference to a serious medical need by Defendants Presbery and Goodman. Therefore, Presbery and Goodman's motion to dismiss is denied. However, Plaza has failed to plead sufficient facts showing violation of the Eighth or Fourteenth Amendment by Defendants Sorrentino and Tenuto. Therefore, Sorrentino and Tenuto's motion to dismiss is granted, the claims against these defendants are dismissed without prejudice, and Plaza is granted leave to amend his complaint.

A separate Order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge